**LAW OFFICES OF MIKE N. VO, APLC**
Mike N. Vo (SBN 216340)
17910 Skypark Circle, Suite 103
Irvine, California 92614
Telephone: 949-221-8238
Facsimile: 844-394-0129
Email: mvo@mikevolaw.com

**MESISCA, RILEY & KREITENBERG LLP**
Dennis P. Riley (SBN 134200)
Rena E. Kreitenberg (SBN 138913)
644 S. Figueroa Street, 2nd Floor
Los Angeles, California 90017
Telephone: 213-623-2300
Facsimile: 213-623-6600
Email: dpriley@mrklawyers.com

Attorneys for Plaintiffs Long Nguyen, Thuy Tran, and Luong Tran

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| LONG NGUYEN; THUY TRAN; LUONG TRAN, on Behalf of Themselves and All Others Similarly Situated and the General Public,<br><br>Plaintiffs,<br><br>vs.<br><br>LOTUS BY JOHNNY DUNG INC. f/k/a JADE LOTUS WAY, INC., a California corporation,<br><br>Defendant. | **Case No.**<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR:**<br>1. **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT**, Civil Code §1750, et seq.;<br>2. **VIOLATION OF THE UNFAIR COMPETITION LAW**, Business and Professions Code §17200, et seq.;<br>3. **VIOLATION OF THE FALSE ADVERTISING LAW**, Business and Professions Code §17500, et seq.;<br>4. **BREACH OF EXPRESS WARRANTEIS**, Cal. Com. Code §2313(1); and<br>5. **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**, Cal.Com. Code §2314 |

1
_____
CLASS ACTION COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiffs LONG NGUYEN, THUY TRAN, and LUONG TRAN[1], (collectively "Plaintiffs"), by and through their attorneys, bring this action on behalf of themselves and all others similarly situated against Defendant LOTUS BY JOHNNY DUNG INC. f/k/a JADE LOTUS WAY INC. (referred to as "Defendant" or "Jade Lotus"), and allege as follows:

## NATURE OF ACTION

1. Defendant has a successful business selling dietary and herbal supplements to communities throughout the United States, including the Vietnamese-American community. Defendant markets and advertises its company as a manufacturer, distributor, and retailer of health and dietary supplements backed by years of scientific research and formulated by expert chemists. Many of Defendant's products are advertised to treat and cure common health conditions including diabetes, high blood pressure, and cholesterol, and some of Defendant's products are also advertised to "kill cancer cells."

2. The medical benefits touted by Defendant are advertised on its e-commerce website in English and Vietnamese language in broad and general terms. In contrast, Defendant's targeted in-language print brochures, television commercials and social media channels advertise Defendant's products with claims of curing asthma, killing cancer, and strengthening the immune system 900%. The Vietnamese-only advertising is by design, intended to exploit a lesser educated Vietnamese population. This segment of the community often is unable to read, write, or understand English. Defendant knows that consumers in this demographic are susceptible to and easily misled by dietary products offering "miracle medical

---

[1] There is no familial relationship between Plaintiffs Thuy Tran and Luong Tran.

LAW OFFICES OF MIKE N. VO, APLC
17910 Skypark Circle, Suite 103, Irvine, CA 92614

claims" because consumers in this group are often-times desperate for in-language products claiming to offer immediate pain relief.

3. When a manufacturer or distributor, like Defendant here, makes representations about products purporting to provide health benefits, the reasonable consumer, let alone non-English speaking consumer, rightfully believes that the manufacturer or distributor, being in a greater position of knowledge, has the scientific substantiation to back up the health claims. Where, as here, Defendant does not have the substantiation to back up the representation it makes about its products, the representations are, at a minimum, deceptive, misleading, or both.

4. Defendant's products are dietary and health supplements. Dietary supplements are regulated under the Dietary Supplement Health and Education Act of 1994 (DSHEA) codified at 21 U.S.C. §321(g)(d). FDA approval is not required before producing or selling a dietary supplement. However, all health benefit claims on the product packaging and labeling must be truthful and not misleading. With regard to each of the representations Defendant makes about its Products, this means that Defendant is required to make sure they are truthful and not misleading. This includes the following representations of curing asthma, killing cancer, and strengthening the immune system 900%.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members, and some of the Class are citizens of states different from Defendants.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§1391 in that many of the acts and transactions giving rise to the alleged claims occurred in this district and because Defendant:

- is headquartered in this district;
- is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district through the promotion, marketing, distribution and sale of its Products in this district; and
- does substantial business in this district.

# PARTIES

7.   Plaintiff Long Nguyen is a competent adult over the age of 18 and resides in San Jose, California. Between October 2016 and March 2017, Plaintiff Nguyen was exposed to and saw Defendant's commercial advertising for Super Advanced Fucoidan Plus 800 mg for $349. Based on the representations that Super Advanced Fucoidan Plus 800 strengthens the immune system 900% and can push cancer cells to self-destruction, Plaintiff Nguyen purchased Super Advanced Fucoidan Plus 800 by calling the number shown on Defendant's advertisement on dates including, October 11, 2016 ($349), November 29, 2016 ($349), and March 23, 2017 ($349), and paid a total of $1047 for this product. Despite taking the product, Plaintiff Nguyen did not achieve any of the promised benefits. As a result, Plaintiff Nguyen suffered injury in fact and lost money. Had Plaintiff Nguyen known the truth about Defendant's misrepresentations, Plaintiff would not have purchased Super Advanced Fucoidan Plus 800. Furthermore, Plaintiff Nguyen was injured when he was induced to purchase a product that but for Defendant's unlawful sale of the product would not be available for purchase.

8.   Plaintiff Thuy Tran is a competent adult over the age of 18 and resides in San Jose, California. Between November 2016 and March 2017, Plaintiff T. Tran was exposed to and saw Defendant's advertising for Super Advanced Fucoidan Plus 800 mg and Super Graviola 3000 mg. for $349 and $90, respectively. After viewing Defendant's commercial advertising, Plaintiff T. Tran called the number shown on Defendant's advertisement. Based on the representations that Super Advanced Fucoidan Plus 800 800 strengthens the immune system 900% and can push cancer cells to self-destruction and Super Graviola 3000 mg destroy tumor cells and malignant cancer cells, Plaintiff T. Tran purchased Super Advanced Fucoidan Plus 800 on November 23, 2016, paying $175 and Super Graviola 3000 mg paying $95. Despite taking the products, Plaintiff Tran did not achieve any of the promised benefits. As a result, Plaintiff T. Tran suffered injury in fact and lost money. Had Plaintiff T. Tran known the truth about Defendant's misrepresentations, Plaintiff would not have purchased Super Advanced Fucoidan Plus 800 and Super Graviola 3000 mg. Furthermore, Plaintiff T. Tran was injured when she was induced to purchase a product that but for Defendant's unlawful sale of the product would not be available for purchase.

9.   Plaintiff Luong Tran is a competent adult over the age of 18 and resides in Katy, Texas. Between October 2016 and March 2017, Plaintiff L. Tran was exposed to and saw

4

CLASS ACTION COMPLAINT

Defendant's advertising for Super Okinawan Fucoidan with Chlorella 375 mg 90 Capsules for $130.  After viewing Defendant's commercial advertising, Plaintiff L. Tran called the number shown on the advertisement.  Based on the representations that Super Okinawan Fucoidan with Chlorella 375 mg prevents and destroys many different type of tumors and cancers, Plaintiff L. Tran purchased Super Okinawan Fucoidan with Chlorella 375 mg on March 11, 2017, paying $130.  As a result, Plaintiff L. Tran suffered injury in fact and lost money.  Had Plaintiff L. Tran known the truth about Defendant's misrepresentations, Plaintiff would not have purchased Super Okinawan Fucoidan with Chlorella 375 mg.  Furthermore, Plaintiff L. Tran was injured when he was induced to purchase a product that but for Defendant's unlawful sale of the product would not be available for purchase.

10.     Defendant Lotus by Johnny Dung Inc. f/k/a Jade Lotus Way Inc. is a corporation organized and existing under the laws of the State of California.  A Certificate of Amendment of Articles of Incorporation was filed on April 25, 2017, amending the corporate name from "Jade Lotus Way, Inc." to "Lotus by Johnny Dung, Inc."  Defendant has also distributed products under the fictitious business names "Lotus by Johnny Dung" and "Jade Lotus Way Corp."  Defendant's principal office is a post office box at 11037 Warner Ave, #297, Fountain Valley, CA 92708, and Defendant's fulfillment is done at 12609 Hoover Street, Garden Grove, California.

## FACTUAL ALLEGATIONS

**The Jade Lotus Products**

11.     Defendant has a successful business selling dietary and herbal supplements to immigrant communities throughout the United States, including the Vietnamese-American community.  It manufactures, distributes, and sells the Jade Lotus line of health and dietary supplements. This lawsuit concerns a multitude of its products, including: (1) Super Advanced Okinawan Fucoidan Plus 800MG; (2) Japanese Super Okinawan Fucoidan with Chlorella 375MG; (3) and Brazilian Super Graviola Complex (hereinafter collectively referred to as "Jade Lotus Products").  Defendant began manufacturing, marketing, and selling the Jade Lotus products nationwide in 2015.

12.     The Jade Lotus Products are advertised on Vietnamese language television, YouTube channel, Facebook, e-commerce website, and printed brochures. The products are

available in 70, 90, 100, 140, 150, 180 count bottles and 10 count boxes, retailing between $45-$349. The following are photos of the Jade Lotus Products:



13. Since the Products' launch, Defendant has consistently conveyed the message to Vietnamese consumers throughout the United States in Vietnamese-only language that Super Advanced Okinawan Fucoidan Plus 800MG has the following health benefits:

- Fight aging process, insomnia; prevent internal organs' degeneration
- Increase the strength of the immune system to 900 %; protect body from virus
- Pushing cancer cells, tumors to their process of self-destruction
- Help body to fight side effects caused from chemotherapy and radiation therapy
- Prevent accumulation of fat in blood, high blood pressure, diabetes, blood pressure, cholesterol…

(A Vietnamese to English certified translation of the advertising for Super Advanced Okinawan Fucoidan Plus 800 mg is attached to the Complaint as **Exhibit A**.)

These claims are not substantiated by competent scientific evidence and are factually baseless.

14. Defendant's Japanese Super Okinawan Fucoidan with Chlorella 375MG is advertised to:

- Fight aging, control obesity - help to have better quality sleep
- Prevent and destroy many different types of tumors, cancers
- Help to fight vomiting, hair loss, fatigue during chemotherapy, radiation therapy, surgery
- Prevent fat in blood, high blood pressure (tension), diabetics, fluctuating blood pressure, cholesterol, reduce stress
- Strengthen the immune system; help to repair degenerating internal organs

(A Vietnamese to English certified translation of the advertising for Japanese Super Okinawan Fucoidan with Chlorella 375MG is attached to the Complaint as **Exhibit B**.)

These claims are not substantiated by competent scientific evidence and are factually baseless.

15. Defendant's Brazilian Super Graviola Complex is advertised to:

- Promote higher levels of energy and longevity; treat and cure asthma, weather related illnesses; increase immune system's strength
- Support the brain and nervous system; reduce stress; support digestive system
- Destroy sprouts and roots of tumor cells, malignant cancer cells; eliminate intestinal worms and taped worms, virus
- It is concurrent used wonderfully in combination with Super Fucoidan to help fighting and preventing malignant cancer

CLASS ACTION COMPLAINT

(A Vietnamese to English certified translation of the advertising for Brazilian Super Graviola Complex is attached to the Complaint as **Exhibit C**.)

These claims are not substantiated by competent scientific evidence and are factually baseless.

**The Impact of Defendant's Wrongful Conduct**

16. Despite the lack of competent scientific evidence, Defendant continues to unequivocally claim that Jade Lotus Products are an effective treatment for improving numerous medical conditions.

17. As the manufacturer and distributor of the Jade Lotus products, Defendant possesses specialized knowledge regarding the content and effects of the ingredients contained in its Products and is in a superior position to learn of the effects—and has learned of the effects—its Products have on consumers.

18. Specifically, Defendant knew or should have known, but failed to disclose that it has no competent scientific evidence that its Products are effective in producing the miraculous results that Defendants advertise.

19. Notwithstanding these deceptive representations and material omissions, Defendant continues to convey that Jade Lotus Products produce said advertised miraculous results, including claims such as "prevent[ing] and destroy[ing] many different types of tumors, cancers" and "pushing cancer cells, tumors to self-destruction."

20. Plaintiffs and Class members have been, and others will continue to be, deceived or misled by Defendant's deceptive representations, touting the effectiveness of the Jade Lotus products. Plaintiffs purchased and used Jade Lotus products during the Class period and in doing so, viewed, read, considered, and based their decisions to buy Jade Lotus Products on the above cited representations. Because Jade Lotus Products' purposes were to provide numerous preventative benefits and relief, amongst other claims, Defendants' representations and omissions were a material decisive factor in influencing Plaintiffs' decisions to purchase and use the Jade Lotus Products. There is no other reason for Plaintiffs to have purchased the Jade Lotus products, and Plaintiffs would not have purchased Jade Lotus Products had they known that Defendants did not possess competent scientific evidence to support the claims that it made about Jade Lotus Products.

21. As a result, Plaintiffs and the Class members have been damaged in their purchases of Jade Lotus Products and have been deceived into purchasing Jade Lotus Products that they believed, based on Defendants' representations, were proven to be effective in providing the aforementioned representations when, in fact, they are not.

22. Defendant, by contrast, reaped enormous profits from its false marketing and sale of Jade Lotus Products.

## CLASS ACTION ALLEGATIONS

23. Plaintiffs bring this action on behalf of themselves and all others similarly situated pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure and seek relief on behalf of the putative class (the "Class") consisting of:

> All persons, who, within four years prior to the date of the Complaint in this action was filed through the present (the "Class Period"), who purchased Jade Lotus Products in the United States. Excluded from the Class are Defendant, its parent, subsidiaries, affiliates, officers and directors, and those who purchased Jade Lotus Products for the purpose of resale.

24. Members of the Class are so numerous and geographically dispersed that joinder of all Class members is impracticable. Plaintiffs are informed and believe, and based thereon alleges, that the proposed Class contains many thousands of members. The precise number of class members is unknown to Plaintiffs.

25. Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members. The common legal and factual questions include, but are not limited to, the following:

- Whether Defendant had competent scientific evidence to support each of the claims that it made about its Products;
- Whether the claims discussed herein that Defendant made about its products were or are misleading, or reasonably likely to deceive;
- Whether Defendant's alleged conduct violates public policy;
- Whether the alleged conduct constitutes violations of the laws asserted herein;
- Whether Defendant engaged in false and misleading advertising;

- Whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss;
- Whether Plaintiffs and Class members are entitled to restitution, disgorgement of Defendants' profits, declaratory and/or injunctive relief; and
- Whether Plaintiffs and Class members are entitled to an aware of compensatory damages.

26. The claims asserted by Plaintiffs in this action are typical of the claims of the members of the Class, as the claims arise from the same course of conduct by Defendant, and the relief sought is common. Plaintiffs and Class members suffered uniform damages caused by their purchase of the Jade Lotus Products manufactured, marketed and sold by Defendant.

27. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs have retained counsel competent and experienced in both consumer protection and class litigation.

28. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action devise provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

29. In the alternative, the Class may also be certified because Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

30. Plaintiffs seek preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent

Defendant from engaging in the acts described herein, and requiring Defendants to provide full restitution to Plaintiffs and Class members.

31. Unless a Class is certified, Defendant will retain monies received as a result of their conduct that were taken from Plaintiffs and Class members. Unless a Class-wide injunction is issued, Defendant will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT – CIVIL CODE §1750

### (Against Defendant Lotus by Johnny Dung, Inc.)

32. Plaintiffs re-allege and incorporate by reference paragraphs 1 to 31 as though set forth in full herein.

33. This cause of action is being asserted on behalf of Plaintiffs and putative Class members who purchased the Jade Lotus Products within the applicable statute of limitations period for this claim.

34. This cause of action is brought under the Consumers Legal Remedies Act, California Civil Code §1750, *et seq.* (the "Act"). Plaintiffs are consumers as defined by California Civil Code §1761(d). Defendant's Super Advanced Okinawan Fucoidan Plus 800 mg, Japanese Super Okinawan Fucoidan with Chlorella 375MG, and Brazilian Super Graviola Complex products are goods within the meaning of the Act.

35. Defendant violated and continues to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiffs and the Class which were intended to result in, and did result in, the sale of Defendant's Products, including but not limited to:

(5) Representing that [the Products have] . . . characteristics, . . . uses [or] benefits . . . which [they] do not have.

\*   \*   \*

(7) Representing that [the Products are] of a particular standard, quality or grade, . . . if [they are] of another.

\*   \*   \*

(9) Advertising goods . . . with the intent not to sell them as advertised.

\*      \*      \*

(16) Representing that [the Products have] been supplied in accordance with a previous representation when [they have] not.

36. Defendant violated and continues to violate the Act by representing that the Jade Lotus Products, *inter alia*, will "increase the immune system 900%" and "help to present and destroy tumors, cancer" and "treat and cure asthma" and "destroy sprouts and roots of tumor cells, malignant cancer cells" when Defendant knew that the representations were unsubstantiated, false and misleading.

37. Pursuant to §1782(d) of the Act, Plaintiffs and the Class seek a court order enjoining the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

38. Pursuant to §1782 of the Act, Plaintiffs notified Defendant in writing by Federal Express of the particular violations of §1770 of the Act and demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to so act. A copy of the letter is attached hereto as **Exhibit D.**

39. Defendant has failed to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to §1782 of the Act.

40. Defendant's conduct is fraudulent, wanton, and malicious, and provides misleading information.

41. Pursuant to §1780(d) of the Act, attached hereto as **Exhibit E** is the affidavit showing that this action has been commenced in the proper forum.

## SECOND CLAIM FOR RELIEF
### VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200
### (Against Defendant Lotus by Johnny Dung, Inc.)

42. Plaintiffs re-allege and incorporate by reference paragraphs 1 to 41 as though set forth in full herein.

43. This cause of action is being asserted on behalf of Plaintiffs and putative Class members who purchased the Jade Lotus Products within the applicable statute of limitations period for this claim.

44. As alleged herein, Plaintiffs have suffered injury in fact and lost money or property as a result of Defendant's conduct because they purchased the Super Advanced Okinawan Fucoidan Plus 800 mg, Japanese Super Okinawan Fucoidan with Chlorella 375MG, and Brazilian Super Graviola Complex products.

45. California Business & Professions Code §17200, *et seq*., prohibits acts of unfair competition, which means and includes any "unlawful, unfair, or fraudulent business act or practice," or any "unfair, deceptive, untrue, or misleading advertising." For the reasons discussed above, Defendant has violated each of these provisions of Business & Professions Code §17200.

46. Defendant has violated §17200's prohibition against engaging in unlawful acts and practices by, *inter alia*, making the representations and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1710, 1711, 1770; Business & Professions Code §17200 *et seq.*; and by violating the common law.

47. Plaintiffs and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

48. Defendant's acts, omissions, misrepresentations, practices, and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of Business & Professions Code §17200 *et seq.*, in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

49. As stated in this complaint, Plaintiffs allege violations of consumer protection, unfair competition, and truth in advertising laws resulting in harm to consumers. Plaintiffs assert violations of the public policy of engaging in false and misleading advertising, unfair competition, and deceptive conduct towards consumers. This conduct constitutes violations of the unfair prong of Business & Professions Code §17200 *et seq*.

50. Defendant's marketing, labeling and packaging, as described herein, also constitute unfair, deceptive, untrue, and misleading advertising.

51. Defendant's conduct caused and continues to cause substantial injury to Plaintiffs and the other Class members. Plaintiffs have suffered injury in fact and have lost money as a result of Defendant's unfair conduct.

CLASS ACTION COMPLAINT

52. Plaintiffs, on behalf of themselves, all other similarly situated, and the general public, seek restitution of all money obtained from Plaintiffs and the members of the Class collected as a result of unfair competition, an injunction prohibiting Defendant from continuing such practices, corrective advertising, and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF THE FALSE ADVERTISING LAW, Business and Professions Code §17500, et seq
### (Against Defendant Lotus by Johnny Dung, Inc.)

53. Plaintiffs re-allege and incorporate by reference paragraphs 1 to 52 as though set forth in full herein.

54. This cause of action is being asserted on behalf of Plaintiffs and putative Class members who purchased Jade Lotus Products within the applicable statute of limitations period for this claim.

55. As alleged hereinabove, Plaintiffs have standing to pursue this claim as they have suffered injury in fact and have lost money or property as a result of Defendant's actions as set forth herein. Specifically, prior to the filing of this action, Plaintiffs purchased Jade Lotus Products for their own personal use. In so doing, Plaintiffs relied upon the false and misleading representations and omissions referenced herein. Plaintiffs consumed the Jade Lotus Products, but the Products did not work as advertised.

56. Defendant made a series of common misrepresentations and omissions on the labeling and packaging for the Jade Lotus Products. These misrepresentations and omissions were made to induce the public to purchase the Jade Lotus Products.

57. Defendant's misleading labeling claims and omissions constituted, and continue to constitute, a continuing course of deceptive advertising since Defendant is still marketing and selling the Products in a manner likely to deceive the public.

58. In addition, Defendant's advertising and labeling for the Jade Lotus Products, giving attention to or giving publicity to the sale of goods or merchandise which are not as represented, constitutes unfair competition, unfair, deceptive, untrue and/or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code §§ 17531 and 17200, which advertisements and labels have deceived and are likely to deceive the consuming public, in violation of Business & Professions Code § 17500.

59. Defendant was aware, or by the exercise of reasonable care should have been aware, that the representations were untrue or misleading, and the omissions were deceptive and material.

60. Defendant's illegal, false, deceptive and misleading advertisements and labeling statements and omissions regarding the Jade Lotus Products have caused injury to Plaintiffs and the putative Class.

61. Pursuant to Business & Professions Code § 17535, Plaintiffs and members of the putative Class are entitled to remedies as prayed below.

## FOURTH CLAIM FOR RELIEF
### BREACH OF EXPRESS WARRANTIES, Cal. Com. Code §2313
**(Against Defendant Lotus by Johnny Dung, Inc.)**

62. Plaintiffs re-allege and incorporate by reference paragraphs 1 to 61 as though set forth in full herein.

63. This cause of action is being asserted on behalf of Plaintiffs and putative Class members who purchased the Jade Lotus Products within the applicable statute of limitations period for this claim.

64. Through the Jade Lotus Products' labels and advertising, Defendant made express affirmations of fact and promises and or descriptions described above which were "part of the basis of the bargain," in that Plaintiffs and the Class purchased the products in reasonable reliance on those statements. Cal. Com. Code §2313(1).

65. Defendant breached the express warranties by selling the Jade Lotus Products that do not and cannot provide the promised benefits.

66. The breach by Defendant actually and proximately caused injury in the form of the lost purchase price that Plaintiff and Class members paid for the Jade Lotus Product.

## FIFTH CLAIM FOR RELIEF
### BREACH OF IMPLIED WARRANTIES, Cal. Com. Code §2314
**(Against Defendant Lotus by Johnny Dung, Inc.)**

67. Plaintiffs re-allege and incorporate by reference paragraphs 1 to 66 as though set forth in full herein.

68. This cause of action is being asserted on behalf of Plaintiffs and putative Class members who purchased the Jade Lotus Products within the applicable statute of limitations period for this claim.

69. Defendant, through it acts and omissions set forth herein, in the sale, marketing, and promotion of the Jade Lotus Product made representations to Plaintiffs and the Class that the Jade Lotus Products would provide the health benefits identified herein.

CLASS ACTION COMPLAINT

70. Plaintiffs and the Class bought the Jade Lotus Product manufactured, advertised and sold by Defendant.

71. Defendant is a merchant with respect to the goods of this kind which were sold to Plaintiff and the Class, and there was, in the sale to Plaintiff and other consumers, an implied warranty that those goods were merchantable.

72. Defendant breached that implied warranty in that the Jade Lotus Product does not provide the health benefits promised or conform to the promises and affirmations made nor are they fit for their ordinary purpose.

73. The breach by Defendant actually and proximately caused injury in the form of the lost purchase price that Plaintiff and Class members paid for the Jade Lotus Product.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for a judgment:

A. Certifying the class as requested herein;

B. Awarding Plaintiffs and the proposed Class members damages;

C. Awarding restitution and disgorgement of Defendant's revenues to Plaintiffs and the proposed Class members;

D. Awarding declaratory and injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with court supervision, victims of its conduct and pay them restitution and disgorgement of all monies acquired by Defendant by means of any act or practice declared by this Court to be wrongful;

E. Ordering Defendant to engage in a corrective advertising campaign;

F. Awarding attorneys' fees and costs; and

G. Providing such further relief as may be just and proper.

# JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

/s/ *Mike N. Vo*

**LAW OFFICES OF MIKE N. VO, APLC**
Mike N. Vo (SBN 216340)
17910 Skypark Circle, Suite 103
Irvine, California 92614
Telephone: 949-221-8238
Facsimile: 844-394-0129
Email: mvo@mikevolaw.com

/s/ *Dennis P. Riley*
_____
**MESISCA, RILEY & KREITENBERG LLP**
Dennis P. Riley (SBN 134200)
Rena E. Kreitenberg (SBN 138913)
644 S. Figueroa Street, 2nd Floor
Los Angeles, California 90017
Telephone: 213-623-2300
Facsimile: 213-623-6600
Email: dpriley@mrklawyers.com

*Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT