LAW OFFICES OF MIKE N. VO, APLC
Mike N. Vo (SBN 216340)
mvo@mikevolaw.com
Julie H. Lin (SBN 306825)
jlin@mikevolaw.com
17910 Skypark Circle, Suite 103
Irvine, California 92614
Telephone: 949-221-8238
Facsimile: 844-394-0129

MESISCA, RILEY & KREITENBERG LLP
Dennis P. Riley (SBN 134200)
dpriley@mrklawyers.com
Rena E. Kreitenberg (SBN 138913)
rek@mrklawyers.com
644 S. Figueroa Street, 2nd Floor
Los Angeles, California 90017
Telephone: 213-623-2300
Facsimile: 213-623-6600

Attorneys for Plaintiffs Long Nguyen and Thuy Tran

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| Long Nguyen; Thuy Tran, on Behalf of Themselves and All Others Similarly Situated and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>Lotus By Johnny Dung Inc. f/k/a Jade Lotus Way, Inc., a California corporation<br><br>Defendants. | **Case No. 8:17-cv-01317 JVS (JDEx)**<br>**Assigned to Judge: James V. Selna**<br>**Crtrm: 10C**<br><br>**NOTICE OF MOTION AND MOTION FOR DISQUALIFICATION OF DEFENDANT'S COUNSEL CALL & JENSEN AND SAMUEL BROOKS FROM CONTINUED REPRESENTATION OF DEFENDANT, OR IN THE ALTERNATIVE, SANCTIONS AND REFERRAL TO THE COURT'S DISCIPLINARY COMMITTEE AND CALIFORNIA STATE BAR**<br><br>**DECLARATIONS OF JONATHAN BAO HUYNH AND MIKE N. VO IN SUPPORT**<br><br>**[PROPOSED] ORDER LODGED HEREWITH** |

i

NOTICE OF MOTION AND MOTION FOR DISQUALIFICATION

**Hearing on Motion**
Date: April 29, 2019
Time: 1:30pm
Courtroom: 10C

Complaint Filed: July 31, 2017
Trial Date: None assigned

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 29, 2019, at 1:30pm, Plaintiffs Long Nguyen and Thuy Tran will appear before the Honorable James V. Selna of the United States District Court, Central District of California, Southern Division, located at 411 W. 4th Street, Courtroom 10C, Santa Ana, California, for an order to disqualify the firm Call & Jensen and attorney Samuel Brooks from continued representation of Defendant, or in the alternative, sanctions and referral to the Court's Disciplinary Committee and California State Bar.

This motion is made on the following grounds:

- Plaintiffs' counsel Mike Vo served defense counsel Sam Brooks with written Objections to Defendant's third-party subpoenas for testimony and document production due to concerns over privacy, confidentiality and trade secrets of another company unrelated to this class action lawsuit. In conjunction with the Objections, Mr. Brooks was advised that Plaintiff's counsel, Mike Vo, would also be representing all the third-party witnesses, including Jonathan Huynh, for deposition and document production. Even after a failed in-person meet and confer to resolve the objections and Mr. Brooks' agreement to postpone the depositions until after resolution of the issues by Magistrate Judge Early, Mr. Brooks proceeded to interrogate third-party witness Jonathan Huynh for 30 minutes outside the presence of his attorney, Mike Vo, on issues relating to the pending class action claims against Defendant, the now filed motion for class certification, and confidential and trade secrets information previously objected to by Mr. Vo.

ii
_____
NOTICE OF MOTION AND MOTION FOR DISQUALIFICATION

- Defense counsel's 30 minutes questioning of a represented third-party witness, outside the presence of his attorney Mike Vo, is a violation of Rule 4.2 of The Rules of Professional Conduct.
- Defense counsel's gross violation of his professional and ethical rules are in violation of Local Rule 83-3.1.2 and warrant referral to this Court's Standing Committee on Discipline and the California State Bar.

This motion is made pursuant to Rules of Profession Conduct 4.2, LR 83-3.1.2, and LR7-3. This motion is also made pursuant to the attached Memorandum of Points and Authorities, Declarations of Mike Vo and Jonathan Huynh, the records and pleadings on file, and upon any such oral arguments that may be offered at the hearing of this matter.

Pursuant to LR 7-3, on March 11, 2019, Plaintiff's counsel provided a draft copy of the *ex parte* application and motion for disqualification. Defense counsel replied that he refused to voluntarily withdraw as counsel for Defendant. Unable to resolve the issues, Plaintiffs filed the *ex parte* application and motion on March 11, 2019. On March 12, 2019, the Court denied, without prejudice, Plaintiffs *Ex Parte* Application and Motion for the relief requested herein subject to a regularly noticed motion. (Dkt 122.)

NOTICE OF MOTION AND MOTION FOR DISQUALIFICATION

| | | |
|---|---|---|
| 1 | Dated: April 1, 2019 | /s/ *Mike N. Vo* |
| 2 | | **LAW OFFICES OF MIKE N. VO, APLC** |
| | | Mike N. Vo (SBN 216340) |
| 3 | | Julie H. Lin (SBN 306825) |
| 4 | | 17910 Skypark Circle, Suite 103 |
| | | Irvine, California 92614 |
| 5 | | Telephone: 949-221-8238 |
| 6 | | Facsimile: 844-394-0129 |
| | | Email: mvo@mikevolaw.com |
| 7 | | |
| 8 | Dated: April 1, 2019 | /s/ *Dennis P. Riley* |
| 9 | | **MESISCA, RILEY & KREITENBERG LLP** |
| 10 | | Dennis P. Riley (SBN 134200) |
| 11 | | Rena E. Kreitenberg (SBN 138913) |
| | | 644 S. Figueroa Street, 2nd Floor |
| 12 | | Los Angeles, California 90017 |
| 13 | | Telephone: 213-623-2300 |
| | | Facsimile: 213-623-6600 |
| 14 | | Email: dpriley@mrklawyers.com |

# MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION.

Plaintiffs filed a class action complaint on July 31, 2017, against Defendant Lotus by Johnny Dung, Inc. f/k/a Jade Lotus Way, Inc., over misrepresentations concerning Defendant's dietary supplements ("Jade Lotus Products").  The Jade Lotus Products are advertised to kill/treat/prevent cancer; prevent diabetes, high blood pressure and cholesterol, and strengthen the immune system 900%. (Dkt 1.)  The litigation has been ongoing for 20 months.  Plaintiffs recently filed their class certification motion on March 11, 2019, with hearing set for June 17, 2019.  (Dkt 129.)  Defendant and its counsel, Call & Jensen, following denial of their motion to dismiss the operative complaint, served four third-party witness subpoenas on February 7, 2019, to depose and obtain confidential and trade secrets information from individuals and of companies who are neither vendors nor customers of Defendant. (Decl. Mike Vo ¶3.)  One of the third-party witnesses is Jonathan Bao Huynh. (Decl. Mike Vo ¶3; Decl. Jonathan Huynh ¶1.) The scope of testimony and records sought by Defendant at deposition are of another business that Defendant had sued in a prior and unrelated lawsuit not connected to the pending class action lawsuit. (Decl. Mike Vo ¶4.)  In addition to attempting to harass third-parties, it is the belief of Plaintiffs' counsel that Defendant was attempting to obtain information upon which to allege Plaintiffs' counsel had a conflict of interest thereby preventing his representation of the Plaintiffs in this action. (Decl. Mike Vo ¶7.)  Plaintiffs' counsel, Mike Vo, served objections to the document requests on February 12, 2019, and advised Defendant's attorney Samuel Brooks that Mr. Vo would be representing all the third-party witnesses for deposition[1].  (Decl. Mike Vo ¶5.)  After a series of emails, Mike Vo, on behalf of the four third-party witnesses, met with Defendant's attorney Samuel Brooks at Mr. Brooks' office to meet and confer to resolve the deposition objections. (Decl. Mike Vo ¶7.) The meet and confer was

---

[1] Mr. Vo had represented two of the third-party witnesses in the prior unrelated lawsuit that resolved under a confidential settlement agreement.  Due to concerns over privacy, confidentiality and trade secrets, Mr. Vo agreed to represent all four third-party witnesses again in the instant matter. (Decl. Mike Vo ¶4.)

1

NOTICE OF MOTION AND MOTION FOR DISQUALIFICATION

not successful and Mr. Brooks agreed to take the third-party depositions off-calendar pending resolution of the objections by Magistrate Judge Early.  (Decl. Mike Vo ¶¶6-7.)

On February 22, 2019, unbeknownst to Plaintiff's counsel, Mr. Huynh mistakenly appeared at Mr. Brooks' office for the deposition not knowing that it had previously been cancelled by Mr. Brooks.  (Decl. Mike Vo ¶8; Decl. Jonathan Huynh ¶3.)  Instead of sending Mr. Huynh on his way, and knowing that Mr. Huynh was represented by Mr. Vo, Mr. Brooks proceeded to interrogate Mr. Huynh for **thirty minutes**!  (Decl. Mike Vo ¶8; Decl. Jonathan Huynh ¶¶4-5.) The questioning over the thirty minutes covered topics including the present class action claims against Defendant and the confidential and trade secrets information of third-party entities and Mr. Vo's involvement in the prior case.  (Decl. Jonathan Huynh ¶4.) These topics directly involve Plaintiffs' soon-to-be filed class action motion and the issue of adequacy of counsel.  (Decl. Jonathan Huynh ¶4; Decl. Mike Vo ¶8.)  Mr. Brooks' questioning of a represented witness, outside the presence of Mr. Vo, was a gross violation of the Rules of Professional Conduct and Local Rules.  This unethical behavior warrants the disqualification of Mr. Brooks and the firm of Call & Jensen and/or  referral of Samuel Brooks to the Court's Standing Committee on Discipline pursuant to LR 83-3.1.1 and the California State Bar.

## II.     COMPLIANCE WITH LR 7-3

On March 11, 2019, Plaintiffs provided Defendant with a draft copy of the ex parte application and motion for disqualification of Call & Jensen and Samuel Brooks from continued representation of Defendant.  (Decl. Mike Vo ¶12.)  Plaintiffs invited Defendant's agreement to voluntarily withdraw from representation of Defendant.  (Decl. Mike Vo ¶12.) Plaintiffs advised Defendant that if an agreement could not be reached, Plaintiffs would file the ex parte to prevent any further undue prejudice and irreparable harm to Plaintiffs and their attempt to certify the class action. (Decl. Mike Vo ¶12.)  Mr. Brooks replied via email that he refused to voluntarily withdraw as counsel for Defendant.  *See* Id.  On March 12, 2019, the Court denied, without prejudice, Plaintiffs' *Ex Parte* Application and Motion subject to a regularly noticed motion.  (Dkt 122.)

//

/

### III. SALIENT FACTS

On February 7, 2019, Defendant served via US Mail four third-party witness deposition and document subpoenas, including one to Jonathan Huynh. (Decl. Mike Vo ¶3; EX A.) The corresponding document requests sought confidential and trade secrets information of third-party entities that Defendant sued in a prior and unrelated lawsuit. (Decl. Mike Vo ¶3; Ex A.) On February 8, 2019, third-party witness Mr. Huynh was personally served with the subpoena. (Decl. Jonathan Huynh ¶1.) On February 11, 2019, Plaintiffs' counsel Mike Vo, upon receipt of the subpoenas in the US Mail, immediately sent a letter to Defendant's counsel Samuel Brooks objecting to the deposition dates and the relevancy of the requested testimony. (Decl. Mike Vo ¶4; Ex B.) Mr. Vo also noted that Defendant's subpoena sought confidential and trade secrets information of third-party entities not connected to the class action lawsuit and Mr. Vo requested that Defendant withdraw the subpoenas. (Decl. Mike Vo ¶4; EX B.) Defendant denied the request. (Decl. Mike Vo ¶4.)

On February 12, 2019, Mr. Vo stated via email that he will be representing all four third-party witnesses for deposition and attached to the email four Objections to Deposition and Document Requests, including one for Mr. Huynh. (Decl. Mike Vo ¶5; EX C.) On February 19, 2019, on behalf of the four third-party witnesses, Mr. Vo met with Mr. Brooks at his office to attempt resolution of the deposition and document objections. (Decl. Mike Vo ¶7.) Mr. Vo reaffirmed that he would be representing all four third-party witnesses. (Decl. Mike Vo ¶7.) Due to relevancy issues concerning the testimony and document requests including requests for confidential trade secret information of a third-party, Mr. Vo requested an offer of proof as to the relevancy of the document requests and deposition subpoenas. (Decl. Mike Vo ¶7.) Mr. Brooks replied that the requested information would be probative of the adequacy of class counsel and potential conflicts of interest of class counsel. (Decl. Mike Vo ¶7.) Unable to resolve their disagreements, Mr. Brooks then agreed to take the depositions off-calendar pending an informal discovery conference with Magistrate Judge Early. (Decl. Mike Vo ¶¶6-7.) To date, Defendant has not initiated the procedures for an informal discovery conference with Magistrate Judge Early. (Decl. Mike Vo ¶7.)

On February 22, 2019, Mr. Huynh mistakenly appeared for deposition at Mr. Brooks' office not knowing it had been taken off-calendar. (Decl. Jonathan Huynh ¶3.) While Mr. Brooks acknowledged to Mr. Huynh that Mr. Vo stated he represented Mr. Huynh, Mr. Brooks

instead of sending the witness on his way, proceeded to question Mr. Huynh in Mr. Vo's absence. (Decl. Mike Vo ¶4; Decl. Jonathan Huynh ¶4.)  The questioning **lasted 30 minutes**! (Decl. Jonathan Huynh ¶4.)  At no time before or during questioning did Mr. Brooks stop the meeting to contact Mr. Vo to notify him that Mr. Huynh was being questioned.  (Decl. Mike Vo ¶5; Decl. Jonathan Huynh ¶5.)  At no time after the questioning did Mr. Brooks advise Mr. Vo he had met and talked with Mr. Huynh.  (Decl. Mike Vo ¶9.)  Mr. Vo has never consented to the questioning of Mr. Huynh outside his presence and would never consent to any questioning.  (Decl. Mike Vo ¶10.)

### IV.   MR. BROOKS VIOLATED CALIFORNIA RULES OF PROFESSIONAL RESPONSIBILITY 4.2 BY COMMUNICATING DIRECTLY WITH MR. HUYNH AFTER KNOWING HE WAS REPRESENTED.

The California Rules of Professional Conduct 4.2 states in relevant part:

(a) In representing a client, a lawyer shall not communicate directly or indirectly about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer.

Comment 1 to the Rule states: "<u>This rule applies even though the represented person initiates or consents to the communication</u>.  A lawyer must immediately terminate the communication with a person if, after commencing communication, the lawyer learns that the person is one with whom communication is not permitted by this rule." (emphasis added.)  *See also Cal. State Bar Form. Opn.* 2011-181 (represented party's consent to contact not sufficient.)  "Contact with represented parties is proscribed to preserve the attorney-client relationship from an opposing attorney's intrusion and interference." (*Citation omitted.*) *Jackson v. Ingersoll-Rand.,* 42 Cal.App.4th 1163, 1167 (1996).

Mr. Brooks knew that Mr. Huynh was represented by counsel and even acknowledged this fact with Mr. Huynh prior to questioning him.  (Decl. Mike Vo ¶11; Decl. Jonathan Huynh ¶4.)  Even if Mr. Huynh consented to the questioning, Mr. Brooks was under a professional and ethical obligation to stop the questioning and notify Mr. Vo.  Mr. Brooks failed to do so and violated Rule 4.2. (Decl. Mike Vo ¶11.)   It is clear that Mr. Brooks knew his conduct was improper but without Mr. Vo present, he took the opportunity to conduct illegal discovery in an attempt to obtain information to oppose the Class certification.

## V. THE LAW FIRM OF CALL & JENSEN AND SAMUEL BROOKS SHOULD BE DISQUALIFIED FROM THE CASE.

A court has inherent authority to disqualify an attorney in order "[t]o control furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto." *In re Complex Asbestos Litigation v. Owens-Corning Fiberglas Corporation,* 232 Cal.App.3d 572, 585 (1991); *see also* California Code of Civil Procedure §128(a)(5); *Comden v. Superior Court* 20 Cal.3d 906, 916 fn.4 (1978) cert. den. 439 U.S. 981 (1978). "The Court has an independent interest in ensuring trials are conducted within ethical standards of the profession and that legal proceedings appear fair to all that observe them." *In re A.C.* 80 Cal.App.4th 994, 1001 (2000). "Disqualification is proper to assure fairness in judicial proceedings – its point is not to punish ethical transgressions, but to prevent continuing, detrimental effects upon the proceedings." *Jackson v. Ingersoll-Rand Co.* 42 Cal.App.4th 1163, 1166. "Contact with represented parties is proscribed to preserve the attorney-client relationship from an opposing attorney's intrusion and interference." *Id* at 1167.

Plaintiffs have suffered undue prejudice and irreparable harm as a result of Defense counsel's 30-minute questioning of Mr. Huynh outside the presence of his attorney Mr. Vo. Mr. Brooks stated in the February 19, 2019, meet and confer that he sought testimony and documents from the third-party witnesses for purposes of attacking Plaintiffs' class certification on the issues of adequacy of class counsel and potential conflicts of interest. (Decl. Mike Vo ¶7.)

It is apparent that Mr. Brooks obtained information that is subject to privacy, confidentiality and trade secrets protection based upon Mr. Brooks' offer of proof at the meet and confer. The only purpose of soliciting such testimony outside of Mr. Vo's presence is to attack class certification based on unlawfully obtained information.

Here, the egregiousness of Mr. Brooks' action and his gross violation of the Rules of Professional Conduct warrant the disqualification of the firm Call & Jensen and attorney Samuel Brooks from continued representation of Defendant in this matter. Plaintiffs should not be prejudiced in pursuing their class certification because Mr. Brooks and his law firm obtained information critical to the issue of adequacy of counsel through unlawful and unethical practices.

NOTICE OF MOTION AND MOTION FOR DISQUALIFICATION

Plaintiffs' request that Defendant's counsel Call & Jensen and Samuel Brooks withdraw from continued representation of Defendant is intended to preserve the integrity of this legal proceeding and not create any advantage.  California Rules of Professional Conduct 3.10 prohibits a lawyer from "threatening to present criminal, administrative, or disciplinary charges to obtain an advantage in a civil dispute."  Comment 2 states "[this rule] does not prohibit actually presenting criminal, administrative or disciplinary charges, even if doing so creates an advantage in a civil dispute."  Any advantage in this civil dispute was gained by Defendant through its unlawful questioning of a represented third-party witness.  Plaintiffs here are seeking to restore the integrity of this proceeding.

### VI.   MR. BROOKS' UNLAWFUL ACTIVITIES WARRANT REFERRAL TO THE COURT'S STANDING COMMITTEE ON DISCIPLINE AND THE CALIFORNIA STATE BAR.

Local Rule 83-3.1.2 states "In order to maintain the effective administration of justice and integrity of the Court, each attorney shall be familiar with and comply with the standards of professional conduct required of members of the State Bard of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and the decisions are of any court applicable thereto.  These statutes, rules and decisions are hereby adopted as the standards of professional conduct, and any breach or violation thereof may be the basis for the imposition of discipline.  The various forms of discipline include "(a) disbarment, (b) suspension not to exceed three years, (c) public or private reproval, (d) monetary penalties…, and/or (e) acceptance of resignation.  In lieu of any of the foregoing disciplinary steps, the Court's Standing Committee on Discipline may issue an admonition as defined by California State Bar Rules, to wit, where the offense is not serious, or not intentional, or involved mitigating circumstances, or no significant harm resulted."  LR 83-3.1.3

Mr. Brooks' intentional questioning of a represented third-party witness under the authority of a federal subpoena, in the absence of counsel, violates Rule 4.2 of Professional Conduct and warrants referral to the Court's Standing Committee on Discipline and the California State Bar.

NOTICE OF MOTION AND MOTION FOR DISQUALIFICATION

## VII. CONCLUSION.

Based upon the foregoing, Plaintiffs respectfully request an order that Defendant's counsel, Call & Jensen and attorney Samuel Brooks, be disqualified from continued representation of Defendant in this matter. Further, Plaintiffs request an order referring Mr. Brooks' violation of Rule 4.2 to the Court's Standing Committee on Discipline and the California State Bar for appropriate disciplinary action.

Date: April 1, 2019                                                Respectfully submitted,

/s/ Mike N. Vo
**LAW OFFICES OF MIKE N. VO, APLC**
Mike N. Vo (SBN 216340)
Julie H. Lin (SBN 306825)
17910 Skypark Circle, Suite 103
Irvine, California 92614
Telephone: 949-221-8238
Facsimile: 844-394-0129
Email: mvo@mikevolaw.com

/s/ Dennis P. Riley

**MESISCA, RILEY & KREITENBERG LLP**
Dennis P. Riley (SBN 134200)
Rena E. Kreitenberg (SBN 138913)
644 S. Figueroa Street, 2nd Floor
Los Angeles, California 90017
Telephone: 213-623-2300
Facsimile: 213-623-6600
Email: dpriley@mrklawyers.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2019, I electronically filed the foregoing "**NOTICE OF MOTION AND MOTION FOR DISQUALIFICATION**" with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

/s/ Mike N. Vo