UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:17-cv-01317-JVS-JDE | Date | April 26, 2019 |
| Title | Long Nguyen et al. v. Lotus by Johnny Dung Inc. | | |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] Order Regarding Motion for Disqualification of Counsel

Plaintiffs Long Nguyen and Luong Tran ("Plaintiffs") moved for disqualification of Defendant's counsel, Samuel G. Brooks ("Mr. Brooks") or in the alternative, sanctions and referral to the court's disciplinary committee and California State Bar. (Mot., Dkt. No. 136.) Defendant Lotus by Johnny Dung Inc. ("Defendant") filed an opposition. (Opp'n, Dkt. No. 143.) Defendant also filed an ex parte application for an order requiring oral examination of Plaintiffs' counsel, Mike Vo ("Mr. Vo") and third party, Jonathan Bao Huynh ("Mr. Huynh") at the hearing for Plaintiffs' motion, or alternatively, a deposition in advance of the hearing, which Plaintiffs opposed. (Ex Parte App., Dkt. No. 140; Opp'n, Dkt. No. 141.) The Court granted in part the motion for a deposition of Mr. Huynh by April 19, 2019, and allowed for Defendant to file a supplemental brief by noon on April 24, 2019. (Order, Dkt. No. 145 at 2.) Plaintiffs filed a reply in support of their motion to disqualify Defendant's counsel (Reply, Dkt. No. 147.) Defendant filed a supplemental brief. (Suppl. Brief, Dkt. No. 148.)

For the following reasons, the Court **denies** Plaintiffs' motion to disqualify Defendant's counsel.

## I. BACKGROUND

On February 7, 2019, Mr. Brooks served notices of the depositions of four third-party witnesses: Tuan Le, Lisa Nguyen, Christine Le, and Mr. Huynh. (Depo. Not., Dkt. No. 127-1, Ex. A.) On February 8, 2019, Mr. Huynh contacted Mr. Brooks' office indicating that he could not attend the scheduled deposition. (Brooks Decl., Dkt. No. 121-1 ¶ 4.) Mr. Brooks returned the call on February 11, 2019 and explained that Mr.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:17-cv-01317-JVS-JDE | Date | April 26, 2019 |
| Title | Long Nguyen et al. v. Lotus by Johnny Dung Inc. | | |

Huynh's attendance at the deposition was required. (Id.) Mr. Huynh did not indicate that he was represented by counsel. (Id.)

On February 12, 2019, Mr. Vo served objections to the document requests on behalf of Mr. Huynh and the other third-party witnesses and informed Mr. Brooks that Mr. Vo would be representing all of the third-party witnesses for deposition. (Email, Dkt. No. 137-3, Ex. C.) On February 19, 2019, Mr. Vo met with Mr. Brooks at his office to discuss the third-party depositions and document production. (Vo Decl., Dkt. No. 137 ¶ 7.) During this meeting, Mr. Vo "reiterated that [he] was representing all the third-party witnesses for deposition and document production." (Id.) The third-party depositions were taken off calendar. (Id. ¶ 6; Brooks Decl., Dkt. No. 121-1 ¶7.)

On February 22, 2019, Mr. Huynh arrived for his deposition, which the parties were not planning to complete on that day. (Brooks Decl., Dkt. No. 121-1 ¶ 8.) Mr. Brooks informed Mr. Huynh that Mr. Vo had indicated that Mr. Vo represented Mr. Huynh and had served objections on his behalf. (Id. ¶ 9.) "Mr. Huynh responded that he had not agreed to be represented by [Mr.] Vo and had not even spoken to Mr. Vo in connection with this case at all. Mr. Huynh told [Mr. Brooks] that he was not aware that Mr. Vo had served objections on his behalf, or that Mr. Vo had agreed . . . to take the deposition off calendar. He said that he had not authorized Mr. Vo to make any statements on his behalf." (Id.) Mr. Brooks asked if Mr. Huynh would be willing to speak with him, and they had a conversation for approximately thirty minutes. (Id. ¶ 11.) After Mr. Huynh left the office, Mr. Brooks called him and requested that he sign a written statement. (Id.) Mr. Huynh gave Mr. Brooks his email address, and Mr. Brooks sent him a draft declaration for Mr. Huynh to sign. (Id. ¶ 12.) Mr. Huynh did not respond to the email. (Id. ¶ 13.)

On March 11, 2019, Mr. Vo contacted Mr. Brooks requesting that he withdraw as counsel. (Id. ¶ 14.) Mr. Brooks refused to withdraw, and Plaintiffs filed this motion for disqualification. (Id. ¶ 15.)

## II. LEGAL STANDARD

### A. Disqualification

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:17-cv-01317-JVS-JDE                                               Date    April 26, 2019

Title    Long Nguyen et al. v. Lotus by Johnny Dung Inc.

In the Ninth Circuit, state law governs motions to disqualify. See Rodriguez v. W. Publ'g Corp., 563 F.3d 948, 967 (9th Cir. 2009) ("By virtue of the district court's local rules, California law controls whether an ethical violation occurred."); see also In re Cty. of L.A., 223 F.3d 990, 995 (9th Cir. 2000) ("Because we apply state law in determining matters of disqualification, we must follow the reasoned view of the state supreme court when it has spoken on the issue."). The Central District applies the California State Bar Act, the California Rules of Professional Conduct, and related judicial decisions in assessing the standards of professional conduct. See C.D. Cal. L.R. 83-3.1.2.

The decision to disqualify counsel is within the trial court's discretion and limited by applicable legal principles. See Trone v. Smith, 621 F.2d 994, 999 (9th Cir. 1980); People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc., 20 Cal. 4th 1135, 1143–44 (1999). Due to the potential for abuse, motions to disqualify are subject to strict judicial scrutiny. Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd., 760 F.2d 1045, 1050 (9th Cir. 1985). A court should examine the implications of disqualification, including "a client's right to chosen counsel, an attorney's interest in representing a client, the financial burden on a client to replace disqualified counsel, and the possibility that tactical abuse underlies the disqualification motion." SpeeDee Oil, 20 Cal. 4th at 1145.

**B.    Other Attorney Misconduct**

"When alleged attorney misconduct is brought to the attention of the Court, . . . the Court may, in its discretion, dispose of the matter through the use of its inherent, statutory, or other powers; refer the matter to an appropriate state bar agency for investigation and disposition; refer the matter to the Standing Committee on Discipline; or take any other action the Court deems appropriate." C.D. Cal. L.R. 83-3.1 (emphasis added).

**III.  DISCUSSION**

Plaintiffs contend that Mr. Brooks' questioning of Mr. Huynh outside the presence of Mr. Vo is a violation of Rule 4.2 of the California Rules of Professional Conduct and Local Rule 83-3.1.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:17-cv-01317-JVS-JDE | Date | April 26, 2019 |
| Title | Long Nguyen et al. v. Lotus by Johnny Dung Inc. | | |

Rule 4.2 governs communication with a represented person and provides: "In representing a client, a lawyer shall not communicate directly or indirectly about the subject of the representation with a person* the lawyer knows* to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer." Cal. R. Prof'l. Conduct 4.2. "This rule applies even though the represented person* initiates or consents to the communication. A lawyer must immediately terminate communication with a person* if, after commencing communication, the lawyer learns that the person* is one with whom communication is not permitted by this rule." Cal. R. Prof'l Conduct r. 4.2 cmt. 1. The Executive Summary to Rule 4.2 specifies that "[g]iven the rule's aforementioned objectives to protect <u>any person who has chosen to be represented by a lawyer</u> in a matter against possible overreaching by lawyers who are employed in the matter, interference by those lawyers with the lawyer-client relationship, or the uncounseled disclosure of confidential information, there is no principled reason to limit the protection of the rule to only those persons who are parties."[1] Thus, Rule 4.2 applies to third-party witnesses who have opted to secure legal representation even if they are not a party to the case.

Plaintiffs argue that Mr. Brooks violated Rule 4.2 by communicating with Mr. Huynh after Mr. Vo had informed Mr. Brooks that Mr. Vo represented all of the third-party witnesses for deposition. (Mot., Dkt. No. 136 at 3–4.) Plaintiffs assert that Mr. Brooks knew that Mr. Huynh was represented because Mr. Brooks acknowledged this representation when Mr. Huynh came to his office. (<u>Id.</u> at 4.)

In contrast, Defendants contend that Mr. Brooks did not know that Mr. Huynh had legal representation because Mr. Huynh specifically informed Mr. Brooks that he was <u>not</u> represented by Mr. Vo when he came to the office for deposition. (Opp'n, Dkt. No. 143 at 6.) Moreover, Defendants point out that Mr. Huynh indicated that he had never spoken to Mr. Vo with regard to the case at all; thus, he was not, in fact, represented by Mr. Vo at the time. (<u>Id.</u>) In addition, Defendants assert that Mr. Vo committed ethical violations by obtaining tactical advantages in the case by indicating that he represented the third-party witnesses and serving objections on their behalf when he did not actually represent them. (<u>Id.</u> at 11.) Thus, Defendants urge the Court to discipline Mr. Vo for misconduct.

---

[1] http://www.calbar.ca.gov/Portals/0/documents/rules/Rule_4.2-Exec_Summary-Redline.pdf (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:17-cv-01317-JVS-JDE | Date | April 26, 2019 |
|---|---|---|---|
| Title | Long Nguyen et al. v. Lotus by Johnny Dung Inc. | | |

Based on the evidence before it, the Court does not find that Mr. Brooks committed a violation of Rule 4.2. Importantly, Plaintiffs admit that Mr. Vo and Mr. Huynh had not spoken prior to February 22, 2019. See Opp'n, Dkt. No. 141 at 3 ("The declarations of Mike Vo and Jonathan Huynh in support of Plaintiff's Motion for Disqualification are unequivocally clear that Mr. Vo and Mr. Huynh had not spoken before February 22, 2019, the day Mr. Huynh mistakenly appeared for a cancelled deposition."). Thus, the lawyer-client relationship had not yet been formed between Mr. Vo and Mr. Huynh and Rule 4.2 did not apply. That Mr. Huynh informed Mr. Brooks that he was not represented by Mr. Vo and had not even spoken to Mr. Vo with respect to the case undermines any "knowledge" that Mr. Brooks could have had of a lawyer-client relationship between Mr. Vo and Mr. Huynh based on Mr. Vo's allegedly false or misleading statement that he was representing all third-party witnesses. Accordingly, the Court **denies** the motion for disqualification.[2] At this time, the Court declines to impose disciplinary sanctions on Mr. Vo, but the Court notes that it does not condone the unprofessional and overreaching conduct in which Mr. Vo engaged.

### IV. CONCLUSION

For the foregoing reasons, the Court **denies** the motion for disqualification. The Court finds that oral argument would not be helpful in this matter, and the April 29, 2019 hearing is vacated. Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| **Initials of Preparer** | **lmb** | |

---

[2] The Court has reviewed the supplemental brief and attached deposition transcript. The deposition testimony confirms that Mr. Vo and Mr. Huynh were not in contact for approximately two years prior to Mr. Huynh's conversation with Mr. Brooks at the office and thus supports the Court's analysis herein. (Huynh Depo., Dkt. No. 148-1, Ex. A, 11:15-12:13.)